**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| Harbourview Products International, LLC<br><br>*Plaintiff, individually and on behalf of all others similarly situated,*<br><br>v.<br><br>United Parcel Service, Inc. ("UPS"); and UPS Supply Chain Solution, together, "UPS entities"; the United States of America, and the United States Customs and Border Protection<br><br>*Defendants.* | Case No. 1:26-cv-1471 |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................1

II.    LEGAL STANDARD .........................................................................................1

    A.    **The Proposed Class satisfies the requirements of Rule 23(a)** ...........................3

        1.   Numerosity ....................................................................................................3

        2.   Commonality ..................................................................................................4

        3.   Typicality .......................................................................................................6

        4.   Adequacy of Representation ..........................................................................7

    **The Requirements of Rule 23(b)(2) Are Satisfied** ...............................................9

    **The Requirements of Rule 23(b)(3) Are Also Satisfied** ......................................9

        1.   Common Questions of Law or Fact Predominate ..........................................10

        2.   A Class Action is Superior to Other Methods of Adjudicating the Class Claims ....................................................................................................13

    CONCLUSION .........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)..................................................... 10, 13

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
  568 U.S. 455, 133 S. Ct. 1184, 185 L. Ed. 2d 308 (2013)........................................................ 10

*Barrows v. Becerra*,
  24 F.4th 116 (2d Cir. 2022) ......................................................................................................... 6

*Baxter Healthcare Corp. v. United States*,
  925 F. Supp. 794 (Ct. Int'l Trade May 7, 1996)........................................................................... 2

*Butler v. Sears, Roebuck & Co.*,
  727 F.3d 796 (7th Cir. 2013) ...................................................................................................... 11

*Chen-Oster v. Goldman, Sachs & Co.*,
  325 F.R.D. 55 (S.D.N.Y. 2018).................................................................................................. 14

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) ........................................................................................................... 3

*Cordes & Co. Fin. Servs., Inc. et al. v. A.G. Edwards & Sons, Inc.*,
  502 F.3d 91 (2d Cir. 2007) ........................................................................................................... 7

*Cox v. Spirit Airlines, Inc.*,
  341 F.R.D. 349 (E.D.N.Y. 2022), *amended on reconsideration in part*, No. 17-CV-
  5172(EK)(VMS), 2023 WL 1994201 (E.D.N.Y. Feb. 14, 2023)........................................ 11, 12

*Daniels v. City of New York*,
  198 F.R.D. 409 (S.D.N.Y. 2001).................................................................................................. 1

*DG ex rel. Stricklin v. Devaughn*,
  594 F.3d 1188 (10th Cir. 2010) .................................................................................................. 13

*Dial Corp. v. News Corp.*,
  314 F.R.D. 108 (S.D.N.Y. 2015), *amended*, No. 13CV6802, 2016 WL 690895 (S.D.N.Y.
  Feb. 9, 2016).............................................................................................................................. 11

*Doe 1 v. JPMorgan Chase Bank, N.A.*,
  No. 22-CV-10019 (JSR), 2023 WL 3945773 (S.D.N.Y. June 12, 2023)...................................... 2

*Ebin v. Kangadis Food Inc.*,
  297 F.R.D. 561 (S.D.N.Y. 2014) ................................................................................ 11, 12

*Gen. Tel. Co. of Southwest v. Falcon*,
  457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) .............................................. 6

*Greene v. Sears Prot. Co.*,
  No. 15-CV-2546, 2018 WL 3104300 (N.D. Ill. June 25, 2018) ................................... 12

*Hali Anastopoulo v. United Parcel Service Inc.*,
  Case No. 26-cv-01005 (N.D. Ga.) ............................................................................... 14

*Hasemann v. Gerber Prods. Co.*,
  331 F.R.D. 239 (E.D.N.Y. 2019) ............................................................................. 9, 10

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  No. 06-MD-1175 JG VVP, 2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014), *report and recommendation adopted*, No. 06-MD-1775 JG VVP, 2015 WL 5093503 (E.D.N.Y. July 10, 2015) .............................................................................................................. 12

*In re Alcoholic Beverages Litig.*,
  95 F.R.D. 321 (E.D.N.Y. 1982) .................................................................................. 11

*In re Deutsche Bank AG Sec. Litig.*,
  328 F.R.D. 71 (S.D.N.Y. 2018) .................................................................................... 8

*In re Elec. Books Antitrust Litig.*,
  No. 11 MD 2293 DLC, 2014 WL 1282293 (S.D.N.Y. Mar. 28, 2014) ......................... 12

*In re Nexium (Esomeprazole) Antitrust Litig.*,
  296 F.R.D. 47 (D. Mass. 2013) ................................................................................... 13

*In re Petrobras Sec.*,
  862 F.3d 250 (2d Cir. 2017) ....................................................................................... 15

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
  335 F.R.D. 1 (E.D.N.Y. 2020) .................................................................................... 12

*Jermyn v. Best Buy Stores, L.P.*,
  256 F.R.D. 418 (S.D.N.Y. 2009) ................................................................................ 11

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
  571 F.3d 672 (7th Cir. 2009) ...................................................................................... 12

*Kulzhanova and Pabon v. United Parcel Service*,
  Case No. 26-cv-02097 (N.D. Ga.) ............................................................................... 14

*Kurtz v. Kimberly-Clark Corp.*,
  321 F.R.D. 482 (E.D.N.Y. 2017)..................................................................................3

*Lapin v. Goldman Sachs & Co.*,
  254 F.R.D. 168 (S.D.N.Y. 2008)..................................................................................5

*Learning Res., Inc. v. Trump*,
  146 S. Ct. 628 (2026)..................................................................................14

*Ligon v. City of New York*,
  288 F.R.D. 72 (S.D.N.Y. 2013)..................................................................................6

*Marisol A. v. Giuliani*,
  126 F.3d 372 (2d Cir. 1997) ..............................................................................4, 5, 6

*Nelipa v. TD Bank, N.A.*,
  No. 21-CV-1092, 2024 WL 3017141 (E.D.N.Y. June 17, 2024)................................4

*Polvay v. FCTI, Inc.*,
  713 F. Supp. 3d 1 (S.D.N.Y. 2024) ..............................................................................5

*Reese v. Arrow Fin. Servs., LLC*,
  202 F.R.D. 83 (D. Conn. 2001) ..............................................................................4

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ..............................................................................3

*Sofran v. LaBranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004)..................................................................................6

*Spencer v. Hartford Fin. Servs. Grp., Inc.*,
  256 F.R.D. 284 (D. Conn. 2009) ..............................................................................3, 4, 7

*Suchanek v. Sturm Foods, Inc.*,
  764 F.3d 750 (7th Cir. 2014) ..............................................................................4

*Sullivan v. DB Invs., Inc.*,
  667 F.3d 273 (3d Cir. 2011) ..............................................................................12

*Sykes v. Mel. S. Harris and Assocs. LLC*,
  780 F.3d 70 (2d. Cir. 2015) ..............................................................................2, 10

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016)........................................10

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
  208 F.3d 288 (1st Cir. 2000)..................................................................................11

*Zimmerman v. Portfolio Recovery Assocs., LLC*,
276 F.R.D. 174 (S.D.N.Y. 2011)........................................................................1

Rules

Ct. Int'l Trade R. 23(a) .....................................................................................2

Ct. Int'l Trade R. 23(b)(2).................................................................................9

Ct. Int'l Trade R. 23(b)(3).................................................................................2

Ct. Int'l Trade R. 23(b)(3)(A)-(D)...................................................................13

Ct. Int'l Trade R. 23(g)(1)(A)(i)-(iv) ................................................................8

Fed. R. Civ. P. 23(a)(3)......................................................................................6

Fed. R. Civ. P. 23(a)(4)......................................................................................7

Fed. R. Civ. P. 23(b)(2)...................................................................................2, 9

Fed. R. Civ. P. 23(b)(3)......................................................................................2

Fed. R. Civ. P. 23(b)(3)(A)-(D) ......................................................................13

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ....................................................................8

Fed. R. Civ. P. 23(g)(1)(B) ...............................................................................8

Other Authorities

5 James WM. Moore et al., *Moore's Federal Practice* § 23.23[2] (3d ed. 1997) ..........................4

2 W. Rubenstein, Newberg on Class Actions § 4:49, pp. 195–196 (5th ed. 2012) .....................10

1 Alba Conte & Herbet B. Newberg, *Newberg on Class Actions* § 3.10 (4th ed. 2002) ...............4

I.    INTRODUCTION

This is a motion for class certification in a civil action for injunctive, declaratory, and other relief.  The motion is brought on behalf of Plaintiff and a Class of individuals and entities, who or which purchased goods subject to illegal IEEPA tariffs imposed by the federal government and collected by UPS entities.  Defendants' collection of tariffs and duties was and is prohibited under federal law resulting in a windfall of at least $166 billion to the United States Government on the backs of businesses and consumers during the period of April 2, 2025 until the effects of the illegal tariffs cease.  Pursuant to Federal Rule of Civil Procedure 23 and United States Court of International Trade Rule 23, Plaintiff Harbourview Products International LLC., by and through its undersigned counsel, moves this court for certification of the Class below.  *See infra* at 3. Plaintiff's proposed class fulfills each of the requirements set forth in Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2) and (b)(3) and Rule 23 of the Rules of the United States Court of International Trade as described below.  Accordingly, Plaintiff respectfully requests that the Court grant its motion.

II.    LEGAL STANDARD

A central objective of class action litigation is to "achieve economies of scale for class members" and "conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings." *Zimmerman v. Portfolio Recovery Assocs., LLC*, 276 F.R.D. 174, 180 (S.D.N.Y. 2011).  Federal courts have favored "the liberal construction of Rule 23, and therefore courts may exercise broad discretion when they determine whether to certify a class." *Daniels v. City of New York*, 198 F.R.D. 409, 413 (S.D.N.Y. 2001)(internal quotation marks and citations omitted).

To demonstrate that certification of the proposed class is appropriate, the plaintiff must demonstrate each of the following: "(1) the class [must be] so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Ct. Int'l Trade R. 23(a). *See also*, *Doe 1 v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10019 (JSR), 2023 WL 3945773, at *2-7 (S.D.N.Y. June 12, 2023) and *Baxter Healthcare Corp. v. United States*, 925 F. Supp. 794, 797 (Ct. Int'l Trade May 7, 1996)(same).[1]  In addition to fulfilling the four requirements of Rule 23(a), the proposed class must also satisfy the requirements of at least one of the subsections contained in Rule 23(b). *Id.*  When the purported class is seeking injunctive relief, Rule 23(b)(2) applies.  To certify a class pursuant to Rule 23(b)(2), a court must determine that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  When the purported class is seeking monetary damages, Rule 23(b)(3) applies.  *See Sykes v. Mel. S. Harris and Assocs. LLC*, 780 F.3d 70, 79-80 (2d. Cir. 2015).  To certify a class under Rule 23(b)(3), a court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3) and Ct. Int'l Trade R. 23(b)(3).

---

[1] While the *Baxter* court found plaintiffs satisfied Fed. R. Civ. P. 23(a), the court ultimately denied plaintiffs' motion for class certification on the basis of superiority because there was an issue with the government's records, *i.e.*, some appeared incomplete.  *Baxter*, 925 F. Supp. at 799-800. Unlike the present case, *Baxter* was "not a case involving a private wrongdoer where, despite the burden, there may be a reason to use Rule 23 to force disgorgement of ill-gotten sums in order to police behavior." *Id.*

Plaintiff seeks to certify the following nationwide Plaintiff class:

> All individuals or entities who have paid or will pay illegal IEEPA tariffs to UPS after April 2, 2025 due to the illegal IEEPA tariffs imposed because they did or will import products into the United States up to when the effects of the tariffs cease.

As demonstrated below, Plaintiff has satisfied all the requirements of Rule 23.[2]

### A.    The Proposed Class satisfies the requirements of Rule 23(a)

#### 1.    Numerosity

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable.  To meet this requirement, joinder need not be impossible.  *See Robidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993)("Impracticable does not mean impossible.").  Rather, the court must look at the class as a whole and assess if "the difficulty or inconvenience of joining all members of the class make use of the class action appropriate."  *Spencer v. Hartford Fin. Servs. Grp., Inc.*, 256 F.R.D. 284, 290 (D. Conn. 2009)(citing *Robidoux*, 987 F.2d at 935).  "Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, [and] the ability of claimants to institute individual suits."  *Robidoux*, 987 F.2d at 936.  Moreover, courts typically do not require "evidence of exact class size or identity of class members to satisfy the numerosity requirement."  *Id.* at 935.  In fact, "[n]umerosity is presumed at a level of 40 members."  *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 529 (E.D.N.Y. 2017), citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

The numerosity requirement is easily met here, where the Class comprises of at least hundreds of thousands of UPS customers who are geographically dispersed across the country and

---

[2] See attached proposed order identified as Exhibit D.

from whom Defendants collected the illegal duties and tariffs.  Those members of the Class, the amounts collected from members of the Class, and the extent of damages sustained by members of the Class can be easily identified from books, records, and other documents in UPS's and the CBP's possession and control.  Such data will be garnered from discovery and presented to the Court.

Given the anticipated size of the Class, and the difficulty and impracticability of joining all members, the proposed Class is sufficiently numerous for certification under Rule 23.

2.     Commonality

Rule 23(a)(2) requires that there be questions of law or fact common to the class.  The commonality requirement is satisfied "if plaintiffs' grievances share a common question of law or of fact." *Spencer*, 256 F.R.D. at 290 (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).  But "[i]t does not require that all questions of law or fact raised be common." *Id.* (citing *Reese v. Arrow Fin. Servs., LLC*, 202 F.R.D. 83, 91 (D. Conn. 2001).  Rather, Rule 23(a)(2) requires only that common questions exist "at the core of the cause of action alleged." *Id.*  Indeed, "even a single common question" will satisfy the commonality requirement. *Nelipa v. TD Bank, N.A.*, No. 21-CV-1092, 2024 WL 3017141, at *15 (E.D.N.Y. June 17, 2024)(citations omitted).  Accordingly, federal courts have found "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014).

The commonality requirement is "easily satisfied" by even a single common issue. *See* 5 James WM. Moore et al., *Moore's Federal Practice* § 23.23[2] (3d ed. 1997). *See also,* 1 Alba Conte & Herbet B. Newberg, *Newberg on Class Actions* § 3.10 (4th ed. 2002)("[T]here need only be a single issue common to all members of the class.").  Here, all members of the Class were

4

damaged by the same unlawful and uniform conduct by Defendants—*i.e.*, they were overcharged for imported goods as a result of Defendants' illegal collection of duties and tariffs and consequently, Plaintiff and members of the Class paid more for imported goods than they otherwise would have in the absence of Defendants' unlawful conduct. *See, e.g.*, ECF No. 2, Class Action Complaint at ¶¶73(b) and 77. *See also, e.g.*, *Marisol A.*, 126 F.3d at 377 (holding "that the myriad constitutional, regulatory, and statutory provisions invoked by the plaintiffs are properly understood as creating a single scheme…and as setting standards of conduct for those charged" established commonality); *Polvay v. FCTI, Inc.*, 713 F. Supp. 3d 1, 11 (S.D.N.Y. 2024) (internal quotations and citations omitted) (finding commonality where "there is a common issue that drives the resolution of the litigation such that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke."); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176 (S.D.N.Y. 2008) (holding commonality requirement met where "claims of the proposed plaintiff class arise out of the same alleged facts and are based on common legal theories.").

Further common questions include: whether this Court should immediately order a refund to Plaintiff and the Class of the tariffs, duties, and additional fees collected from Plaintiff and members of the Class on all imports subject to IEEPA duties, with interest as provided by law; whether this Court should award Plaintiff and the Class their reasonable costs, including attorneys' fees; and, whether Plaintiff and the Class are entitled to damages and other relief as a consequence of Defendants' unlawful actions. ECF No. 2, Class Action Complaint at ¶74(a)-(c). Each of these questions arise from the same nucleus of operative facts and are founded on the same legal theories and allegations, such that Plaintiff has satisfied the commonality requirement of Rule 23(a)(2). *Id.*

### 3.     Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Indeed, "[t]he commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)." *Marisol A*, 126 F.3d at 376, citing *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). The requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id*. Therefore, courts have held that claims arising from the same conduct establish typicality. *See, e.g.*, *Barrows v. Becerra*, 24 F.4th 116, 132 (2d Cir. 2022) (holding typicality established where class members' claims arose from the same conduct); *Ligon v. City of New York*, 288 F.R.D. 72, 79-80 (S.D.N.Y. 2013)(internal quotation marks and citations omitted)(finding typicality satisfied after determining "[r]ather than focusing on the precise nature of plaintiffs' injuries, the typicality requirement may be satisfied where injuries derive from a unitary course of conduct by a single system."); *Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004)(holding class representative's "claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events.").

The same finding is appropriate here because Harbourview alleges and must prove the same violations that all members of the proposed class must prove, *i.e.*, "they were overcharged for goods as a result of Defendants' unlawful conduct and paid illegal tariffs for imported goods." ECF No. 2, Class Action Complaint at ¶73(b). Plaintiff alleges and intends to prove that it and the Class directly paid illegal IEEPA tariffs to UPS entities and have been injured by having to pay UPS the illegal tariffs and other overcharges at issue. *Id.* at ¶ 85. Plaintiff and the Class also seek

6

declarative relief that "UPS has no legal right under any law to interfere with Plaintiff's rights to have the IEEPA tariffs paid to Plaintiff and the Class" and "CBP lacks jurisdiction over the illegally held tariffs and cannot interfere with UPS' payment for the tariff refunds to Plaintiff and the Class." *Id.* at ¶¶ 88 and 92. Additionally, Plaintiff will establish that "Defendants also treat[ed] all members of the Class the same—or substantially the same—as to the applicable allegations and claims." *Id.* at ¶77.

Plaintiff's and Class members' claims arise out of the same alleged nucleus of operative facts and conduct, are based on the same alleged legal theories, and will require the same evidence to establish their burden of proof. Moreover, Plaintiff and all members of the Class possess the same interests and suffered the same injury as a direct and proximate result of Defendants' illegal conduct. Therefore, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4.    Adequacy of Representation

Rule 23(a)(4) requires that the class representatives "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry requires a court to consider "whether (1) the plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced, and able to conduct the litigation." *Spencer*, 256 F.R.D. at 292 (quoting *Cordes & Co. Fin. Servs., Inc. et al. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (citation omitted). Regarding the first requirement, the interests of Harbourview are aligned with other members of the Class because Harbourview has been injured and damaged by the same conduct by Defendants, *i.e.*, both Harbourview and members of the Class were overcharged and paid illegal tariffs for imported goods as a result of Defendants' unlawful conduct. Moreover, both Harbourview and members of the Class share an interest in

7

establishing the Defendants' liability and class-wide damages.  *See In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 82 (S.D.N.Y. 2018).

Under Rule 23(g), a court that certifies a class must also appoint class counsel. Class counsel is charged with fairly and adequately representing the interests of the class. *See* Fed. R. Civ. P. 23(g)(1)(B).  In appointing class counsel, the Court must consider: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and similar claims; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) and Ct. Int'l Trade R. 23(g)(1)(A)(i)-(iv) .

Plaintiff's counsel are competent, qualified, and adequate to represent the Class. The team of lawyers assembled to represent the interests of the Class is highly qualified and recognized by their peers and courts for experience litigating complex class actions on behalf of purchasers in a diverse variety of practice areas and appointed to leadership positions in numerous high profile class actions.  See the Miller Law firm résumé attached as Exhibit A and the Murray and Murray firm résumé attached as Exhibit B.  Counsel has already pursued this case vigorously on behalf of the interests of Plaintiff and members of the Class and will continue to do so throughout the pendency of the litigation.  For example, they have intensely researched the complexities of this area of the law, served litigation hold letters on the appropriate individuals at UPS, prepared (and ready to serve immediately) interrogatories, requests for admission, and requests for production of documents.  Additionally, they are fully committed to bringing their firms' resources to the case and will not rely on third-party financing.

Therefore, Plaintiff has also fulfilled the adequacy requirement of Rules 23(a)(4) and 23(g).

8

**The Requirements of Rule 23(b)(2) Are Satisfied**

Plaintiff satisfies Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Ct. Int'l Trade R. 23(b)(2) and Fed. R. Civ. P. 23(b)(2)(same). Here, Defendants, the United States of America and United States Customs and Border Protection continue to interfere with "the orderly refund of the illegal IEEPA tariffs" collected from Plaintiff and members of the Class. *See, e.g.*, ECF No. 2, Class Action Complaint at ¶¶95-97. Moreover, the government Defendants' ongoing obstruction related to and wasting of the tariff refund fund will continue to impact Plaintiff and members of the Class as a whole. *See, e.g.*, ECF No. 2, Class Action Complaint at ¶¶95-97. Additionally, because Plaintiff and members of the Class have paid illegal IEEPA tariffs directly to UPS, Plaintiff and members of the Class are and will continue to be adversely impacted as a whole without a declaration that UPS does not have valid claims to retain the illegal IEEPA tariff refunds and related fees. *See, e.g.*, *id.* at ¶86.

Therefore, Plaintiff has satisfied Ct. Int'l Trade R. 23(b)(2) and Fed. R. Civ. P. 23(b)(2).

**The Requirements of Rule 23(b)(3) Are Also Satisfied.**

Plaintiff also satisfies both prongs of Rule 23(b)(3), which requires (1) that the Court find that common questions of law or fact predominate over individual questions (the "predominance" requirement); and (2) that a class action is superior to other available methods of adjudication (the "superiority" requirement). *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 254 (E.D.N.Y. 2019) (citations and internal quotations omitted).

9

1.    <u>Common Questions of Law or Fact Predominate.</u>

Predominance is established "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Id.* at 272-73.  Predominance requires that "*questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds,* 568 U.S. 455, 459, 133 S. Ct. 1184, 185 L. Ed. 2d 308 (2013) (emphasis added).  "[T]he office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* at 460.  In *Amgen*, the Supreme Court explained that "Rule 23(b)(3) . . . does *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof'" but rather that "common questions 'predominate over any questions affecting only individual [class] members.'"  *Id.* at 469.  As the Supreme Court subsequently held, "[t]he predominance inquiry 'asks whether the common, aggregation-enabling issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453, 136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) (quoting 2 W. Rubenstein, *Newberg on Class Actions* § 4:49, pp. 195–196 (5th ed. 2012)).  The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc.*, 577 U.S. at 453 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997))(internal quotation marks omitted).  So long as common issues and evidence carry greater significance for the case as a whole, the presence of individual issues will not defeat predominance. *Sykes*, 780 F.3d at 87 ("The mere existence of individual issues will not be sufficient to defeat certification.

10

Rather, the balance must tip such that these individual issues predominate."); *Cox v. Spirit Airlines, Inc.*, 341 F.R.D. 349, 371 (E.D.N.Y. 2022), *amended on reconsideration in part*, No. 17-CV-5172(EK)(VMS), 2023 WL 1994201 (E.D.N.Y. Feb. 14, 2023) ("'[A]s long as a sufficient constellation of common issues binds class members together, variations in the sources and application of [a defense] will not automatically foreclose class certification under Rule 23(b)(3)'") (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000); *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 328 (E.D.N.Y. 1982) ("The predominance requirement calls only for predominance, not exclusivity, of common questions"). Rather, the plaintiff need only demonstrate "[a]n issue central to the validity of each one of the claims in a class action…can be resolved in one stroke." *Dial Corp. v. News Corp.*, 314 F.R.D. 108, 120 (S.D.N.Y. 2015), *amended*, No. 13CV6802, 2016 WL 690895 (S.D.N.Y. Feb. 9, 2016), quoting *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (internal quotation marks omitted).

Proving liability presents common issues which predominate because evidence of Defendants' unlawful conduct causing Plaintiff and class members' injury "can be established through common proof." *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 568 (S.D.N.Y. 2014). *See also, Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418, 436 (S.D.N.Y. 2009)(determining class certification is appropriate where "injury alleged is identical in each instance"). Here, Defendants have acted on grounds generally applicable to the entire Class, *i.e.,* Defendants imposed illegal IEEPA tariffs on all members of the Class causing the Class to suffer injury by being required to pay IEEPA duties on goods imported into the United States. If Class members were to pursue their cases individually, each individual Class member would have to establish the identical course of unlawful conduct, on the part of the Defendants, through the same common documents and

11

witness testimony.  As for proving violations, then, common issues not only predominate but are virtually exclusive.  *See Ebin,* 297 F.R.D. at 568 (finding predominance where the resolution of consumers' claims could be established by "generalized proof").  *See also*, *Greene v. Sears Prot. Co.*, No. 15-CV-2546, 2018 WL 3104300, at *8 (N.D. Ill. June 25, 2018) (holding predominance satisfied where plaintiff consumers alleged defendants "engaged in standardized conduct" with respect to the sales at issue).

Federal courts have been clear that class certification is still proper even when some members of the Class may ultimately be shown not to have sustained any injury.  *See, e.g., Cox*, 341 F.R.D. at 369 ("But a court need not assure itself that there is *no* uninjured member of a class.").  *See also*, *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 16 (E.D.N.Y. 2020) (recognizing the Supreme Court, the Second Circuit, and district courts "have also accepted that class certification does not require proof that all class members are injured"); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1175 JG VVP, 2014 WL 7882100, at *44 (E.D.N.Y. Oct. 15, 2014), *report and recommendation adopted*, No. 06-MD-1775 JG VVP, 2015 WL 5093503 (E.D.N.Y. July 10, 2015)("Nothing in our class certification jurisprudence requires that every single class member suffer an impact or damages, regardless of the size of the class.  To the contrary, courts have routinely recognized what an unrealistic burden this would put on plaintiffs."); *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 DLC, 2014 WL 1282293, at *22 (S.D.N.Y. Mar. 28, 2014) (citing *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) ("[I]t is widely recognized that 'a class will often include persons who have not been injured by the defendant's conduct . . . Such a possibility or indeed inevitability does not preclude class certification'"); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 306 (3d Cir. 2011) (*en banc*) (rejecting argument that would require "each class member possess[] a valid claim under

12

the applicable substantive laws"); *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010); *In re Nexium (Esomeprazole) Antitrust Litig.*, 296 F.R.D. 47, 58 (D. Mass. 2013) (same). Based on UPS's public statements, the great majority, if not all, members of the Class were or will be injured by UPS' illegal conduct because UPS has placed the burden of paying the illegal IEEPA tariffs and other costs arising from the illegal IEEPA tariffs on its importer customers, such as Harbourview.[3]

Accordingly, the predominance standard has been met.

> 2.    A Class Action Is Superior to Other Methods of Adjudicating the Class Claims.

To assess the superiority of the class action mechanism to the alternative of numerous individual actions, Rule 23(b)(3) allows the Court to weigh factors such as: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D) and Ct. Int'l Trade R. 23(b)(3)(A)-(D) (same). Among other benefits, class certification promises to conserve judicial resources, reduce costs, achieve efficiencies of scale, and eliminate the possibility of inconsistent rulings. *See Amchem*, 521 U.S. at 615 (the requirement of superiority ensures that resolution by class action will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural

---

[3] UPS's website explains that when a tariff is applied, the importer pays the additional duty at customs before the goods are released. UPS further instructs importer recipients that "[t]he best way to pay fees is online before delivery." If an importer fails to pay the related import taxes and fees, UPS does not appear to absorb those taxes and fees. See: Import Charges and Fees FAQ available at https://www.ups.com/us/en/shipping/international-shipping/import-fees (last visited May 5, 2026) and attached excerpts identified as Exhibit C.

fairness or bringing about other undesirable results."). These factors militate strongly in favor of certification of the Class.

Rule 23's superiority requirement is easily satisfied here. This case is ideally situated for class treatment and is vastly superior to individualized adjudication of the many Class members' claims, whether here or in multiple courts around the country. Indeed, the Supreme Court affirmed the Federal Circuit's ruling that the CIT has "exclusive jurisdiction" over IEEPA tariff-related issues. *Learning Res., Inc. v. Trump*, 146 S. Ct. 628, 637 n. 1 (2026).[4] Class members' interest in individually controlling prosecution of separate actions are minimal, considering the relatively small amount of money at stake for each individual member. Finally, the likely difficulties in managing the class action are minimal, if not nonexistent, due to, as discussed at length above, the predominance of common issues and relative ease in measuring damages. Thus, "it would be nonsensical to disaggregate the claims into hundreds or thousands of individual proceedings" and "[d]oing so would only waste time, effort, and expense and increase the likelihood of conflicting outcomes for Plaintiffs." *Chen-Oster v. Goldman, Sachs & Co*., 325 F.R.D. 55, 84 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).

This case is also amenable to class treatment because members of the Class are easily ascertainable. For a class to be sufficiently ascertainable, its members need only be identified using "objective criteria that establish a membership with definite boundaries," a "modest threshold requirement [that] will only preclude certification if a proposed class definition is

---

[4] Despite the Supreme Court's affirmation of the federal court ruling that the CIT has "exclusive jurisdiction" over IEEPA tariff-related issues, plaintiff is aware of at least two other class actions, filed on behalf of consumers, for recovery of payments to UPS for illegal IEEPA tariffs. *See, e.g., Kulzhanova and Pabon v. United Parcel Service, Inc.,* Case No. 26-cv-02097 (N.D. Ga.)(filed on April 16, 2026); *Hali Anastopoulo v. United Parcel Service Inc.,* Case No. 26-cv-01005 (N.D. Ga.)(filed on Feb. 20, 2026).

indeterminate in some fundamental way." *In re Petrobras Sec.,* 862 F.3d 250, 257, 269 (2d Cir. 2017). Here, the data required to ascertain members of the Class is readily available. UPS' and CBP's books and records can be used to identify each member of the Class.

CONCLUSION

In short, certification of the Class is the best mechanism for members of the Class to efficiently and economically obtain the relief they seek. For the aforementioned reasons, Plaintiff requests that this Court: (i) find that Plaintiff satisfies the requirements of Rule 23(a), 23(b)(1), (b)(2) and (b)(3) and certify this case for class treatment; (ii) appoint Plaintiff as the representative Plaintiff of the Class; (iii) appoint Plaintiff's counsel as counsel for the Class pursuant to Fed. R. Civ. P. 23(g); (iv) direct that notice be disseminated to members of the Class; and (v) grant such other and further relief deemed just and appropriate.

Respectfully submitted,

Date:  May 7, 2026

/s/ Marvin A. Miller
Marvin A. Miller
Lori A. Fanning
Kathleen E. Boychuck
**MILLER LAW LLC**
53 West Jackson, Suite 1320
Chicago, Illinois 60604
312-332-3400 (telephone)
MMiller@millerlawllc.com
LFanning@millerlawllc.com
KBoychuck@millerlawllc.com

Dennis E. Murray, Jr.
**MURRAY & MURRAY CO, L.P.A.**
111 East Shoreline Drive
Sandusky, OH 44870
419-624-3126 (D)
419-624-0707 (F)
dmj@murrayandmurray.com

***Attorneys for Plaintiff***

15