**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| Harbourview Products International, LLC<br><br>*Plaintiff, individually and on behalf of all others similarly situated,*<br><br>                     v.<br><br>United Parcel Service, Inc. ("UPS"); and UPS Supply Chain Solution, together, "UPS entities"; the United States of America, and the United States Customs and Border Protection<br><br>    *Defendants.* | Case No. 1:26-cv-1471 |

**HARBOURVIEW PRODUCTS INTERNATIONAL'S RESPONSE AND OPPOSITION TO THE UNITED STATES AND U.S. CUSTOMS AND BORDER PROTECTION'S MOTION TO STAY [1]**

This class action seeks to recover the tariffs which the Supreme Court declared illegal, *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628, 646 (2026) (2026) (affirming the Court of International Trade ("CIT") judgment in Case No. 25-250 finding "IEEPA does not authorize the President to impose tariffs."). Plaintiff and the Class seek the refund of the tariffs paid to the UPS Defendants and for other relief including UPS-imposed administrative fees, interest, and attorneys'

---

[1] Contrary to CBP's footnote 1, it and the Attorney-in-Charge, International Trade Field Office in NY were served with the Summons and Complaint. Additionally, a copy of the summons and complaint were later served on the Attorney-in-Charge, International Trade Field Office in DC. See Group Exhibit A attached.

Pursuant to <u>Federal Rule of Civil Procedure 12(a)(2)-(3)</u>, the United States, its agencies, officers, or employees sued in an official capacity have **60 days** to serve an answer or motion after service is made on the U.S. Attorney. Service was made March 23, 2026 and April 13, 2026. CBP, as a U.S. Government agency, was not required to respond until 60 days after that date, without the need for a request for a Waiver.

fees. Because the tariffs at issue in this matter have been adjudicated as illegal, there is need to challenge the tariffs imposed and Plaintiff and the Class do not do so.  Instead, this action seeks to recover refunds, interest, attorneys' fees, and other damages. Unlike those other cases which Defendants refer to but do not identify. Plaintiff and the Class also seek declaratory judgment to affirm that the CBP has no legal basis to retain any interest in the illegal tariffs and an imposition of constructive trust to ensure that the illegal tariffs remain under the jurisdiction of this Court until UPS refunds them to those from whom tariffs were extracted. Consequently, Defendants are wrong when they posit that a stay of this case should be granted to be "consistent with its handling of other cases challenging tariffs imposed under the International Economic Emergency Powers Act (IEEPA)."  To the contrary, Defendants' request for a stay should be denied and this Court should set a scheduling conference and permit this case to proceed apace.

1. A stay of this matter is not warranted because the claims alleged in the Class Action Complaint seek relief based on Defendants' independent obligations to refund the illegal tariffs, interest, and administrative fees the UPS entities collected from members of the Class and which were passed on to the Federal Government. This case is different than those others to which the Defendants' motion vaguely refers. Consequently, there is no basis for this Court to await the "orderly resolution of the common issues in these cases." The common issues of law or fact are those which are set forth in Plaintiff's motion for class certification. [ECF Document No. 17].

2. One question for resolution in this case is whether UPS is required to refund now (irrespective of when UPS is paid by the Government) to the Plaintiff Class alleged here those tariffs along with attorneys' fees, interest, and UPS-imposed administrative fees required to be paid by members of the Class.

3.  The request for a stay of this case, if granted, would only promote and underscore inefficiencies and cause further delay promoted by the Government, which has repeatedly indicated that it may not refund the tariffs to those who paid them or would retain the tariff funds in favor of stalling and litigation.[2]

4.  Attached as Exhibit B is a Proposed Order.

Defendants' request for a stay of this case should be denied, and the Court should set a scheduling conference for the case to proceed apace to clean up the "mess."


Date: May 8, 2026

Respectfully submitted,

 /s/ Marvin A. Miller
Marvin A. Miller
Lori A. Fanning
Kathleen E. Boychuck
**MILLER LAW LLC**
53 West Jackson, Suite 1320
Chicago, Illinois 60604
312-332-3400 (telephone)
MMiller@millerlawllc.com
LFanning@millerlawllc.com
KBoychuck@millerlawllc.com

Dennis E. Murray, Jr.
**MURRAY & MURRAY CO, L.P.A.**
111 East Shoreline Drive
Sandusky, OH 44870
419-624-3126 (D)
419-624-0707 (F)
dmj@murrayandmurray.com

***Attorneys for Plaintiff***

---

[2] In his dissent, Justice Kavanaugh warned that what the majority opinion did is likely to be a 'mess'. Following the *Learning Resources* decision, President Trump said at a White House press conference that refund claims would be a lengthy legal battle: "We'll end up being in court for the next five years." Reuters, February 20, 2026.